POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Movants*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SANCHEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>DECISION DIAGNOSTICS CORP. and KEITH M. BERMAN,<br><br>     Defendants. | Case No. 2:21-cv-00418-JAK-JPR<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF ANTHONY SANCHEZ AND THOMAS TOSSAVAINEN FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF COUNSEL<br><br>DATE:  July 5, 2021<br>TIME:  8:30 a.m.<br>JUDGE:  John A. Kronstadt<br>CTRM:  10B (1st Street Courthouse) |

MEMORANDUM OF POINTS AND AUTHORITIES - 2:21-cv-00418-JAK-JPR

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................................1

II.   STATEMENT OF FACTS ....................................................................................2

III.  ARGUMENT ....................................................................................................4

A.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF................4

1.    Movants Is Willing to Serve as Class Representative ........................5

2.    Movants Has the "Largest Financial Interest" ...................................6

3.    Movants Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure .........................................................7

4.    Movants Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses............................ 12

B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .................................................................................................12

IV.   CONCLUSION..................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997)...........................................................................................9

*Baby Neal v. Casey*,
   43 F.3d 48 (3d Cir. 1994) ...............................................................................8

*Barnet v. Elan Corp., PLC*,
   236 F.R.D. 158 (S.D.N.Y. 2005) ...................................................................10

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006) ........................................................................8, 9

*Bruce v. Suntech Power Holdings Co., Ltd.*,
   2012 U.S. Dist. LEXIS 167702 (N.D. Cal. Nov. 13, 2012) ...........................11

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-
   LHK,
   2012 U.S. Dist. LEXIS 2776 (N.D. Cal. Jan. 9, 2012)....................................6

*Danis v. USN Communs., Inc.*,
   189 F.R.D. 391 (N.D. Ill. 1999)......................................................................8

*Fischler v. Amsouth Bancorporation*,
   176 F.R.D. 583 (M.D. Fla. 1997) ...................................................................8

*Gluck v. Cellstar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) .................................................................8

*Greebel v. FTP Software*,
   939 F. Supp. 57 (D. Mass. 1996)....................................................................8

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017)..........................................10, 12

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d. Cir. 2001) ........................................................................10

*In re Comverse Tech., Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ................................... 6

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) ........................................................... 6, 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................... 8

*Knox v. Yingli Green Energy Holding Co.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) ................................................... 6, 7

*La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
    2012 U.S. Dist. LEXIS 89192 (D. Vt. Apr. 27, 2012) ................................ 12

*Lax v. First Merch. Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ................................ 6

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
    2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013) ............................ 6, 7

*Osher v. Guess?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ............................. 13

*Perrin v. Southwest Water Co.*,
    2009 U.S. Dist. LEXIS 134154 (C.D. Cal. Feb. 12, 2009) ..................... 10, 11

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986) ..................................................................... 9

*Robb v. Fitbit Inc.*,
    2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) ....................... 10, 11

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................ 10

*West Palm Beach Police Pension Fund v. DFC Global Corp.*,
    2014 U.S. Dist. LEXIS 49595 (E.D. Pa. Apr. 9, 2014) .............................. 12

## Statutes

15 U.S.C. § 78u-4 ....................................................................................... *passim*

PSLRA ...................................................................................... 1, 7, 10, 11

## **Rules**

Fed. R. Civ. P. 23 ...............................................................................................................*passim*

Fed. R. Civ. P. 42 ..........................................................................................................................1

L.R. 16-12 .....................................................................................................................................1

L.R. 37-1 through 37-4 .................................................................................................................1

L.R. 7-3 .........................................................................................................................................1

Movants Anthony Sanchez ("Sanchez") and Thomas Tossavainen ("Tossavainen") (collectively, "Movants") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) appointing Movants as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of all persons other than the above-captioned defendants ("Defendants") who purchased or otherwise acquired Decision Diagnostics Corp. ("Decision Diagnostics" or the "Company") securities between March 3, 2020 and December 17, 2020, both dates inclusive (the "Class Period"); and (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class in the above-captioned action (the "Action").[1]

## I.     PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the

---

[1] Movants are aware of Local Civil Rule 7-3, which provides that, "[i]n all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in the Action is March 16, 2021, on which date any member of the putative class may so move.   *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) & (a)(3)(B)(i).   Under these circumstances, Movants respectfully request that compliance with the Local Civil Rule 7-3 be waived in this instance.

requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Movants, with losses of approximately $338,276 in connection with their purchases of Decision Diagnostics securities, have the largest financial interest in the relief sought in the Action to their knowledge. *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A. Movants further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure because they are adequate representatives with claims typical of the other Class members. Accordingly, Movants respectfully submit that they should be appointed Lead Plaintiff.

## II. STATEMENT OF FACTS

Decision Diagnostics purportedly offers, among other products and services, prescription and non-prescription diagnostics and home testing products.

From March 2020 to at least June 2020, Defendants claimed that the Company had developed a finger-prick blood test that could detect COVID-19 in less than one minute. Defendants also made various representations regarding the Company's progress towards achieving U.S. Food and Drug Administration ("FDA") emergency use authorization ("EUA") for this purported COVID-19 finger-prick blood test.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Decision Diagnostics had not developed any viable COVID-19 test,

much less a test that could detect COVID-19 in less than one minute; (ii) the Company could not meet the FDA's EUA testing requirements for its purported COVID-19 test; (iii) accordingly, Defendants had misrepresented the timeline within which it could realistically bring its COVID-19 test to market; (iv) all the foregoing subjected Defendants to an increased risk of regulatory oversight and enforcement; and (v) as a result, Defendants' public statements were materially false and misleading at all relevant times.

On December 17, 2020, the SEC filed a complaint in federal court against Defendants, alleging that they had issued a series of press releases that falsely claimed that Decision Diagnostics had developed a finger-prick blood test that could detect COVID-19 in less than one minute (the "SEC Complaint"). According to the SEC Complaint, from March 2020 to at least June 2020, Defendants made false and misleading statements about the existence of Decision Diagnostics' COVID-19 device and progress towards achieving FDA EUA for that device. As alleged, at the time of these claims, Decision Diagnostics lacked a proven method for detecting the virus and had no physical testing device. The SEC Complaint further alleged that the statements created the misleading impression that Decision Diagnostics would soon introduce the COVID-19 test to the market, which led to surges in the price and trading volume of the Company's stock.

Following the filing of the SEC Complaint, Decision Diagnostics' common share price fell $0.06 per share, or 60%, to close at $0.04 per share on December 18, 2020.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    MOVANTS SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Movants should be appointed Co-Lead Plaintiffs because, to their knowledge, they have the largest financial interest in the Action and otherwise meet the requirements of Rule 23.  Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

### 1. Movants Are Willing to Serve as Class Representatives

On January 15, 2021, Pomerantz, counsel for plaintiff in the Action, caused a notice to be published over *PRNewswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants, and advised investors of Decision Diagnostics securities that they had until March 16, 2021—*i.e.*, 60 days—to file a motion to be appointed as Lead Plaintiff. *See* Pafiti Decl., Ex. B.

Movants have filed the instant motion pursuant to the Notice and have attached sworn Certifications attesting that they are willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. C. Accordingly, Movants satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

## 2.   Movants Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Movants believe that they have the largest financial interest of any of the Lead Plaintiff movants based on the factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (3) the approximate losses suffered).[2]  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013) (same); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012) (same).  Of the *Lax* factors, courts in this Circuit tend

---

[2] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-*19.

During the Class Period, Movants (1) purchased 2,641,100 shares of Decision Diagnostics securities; (2) expended $569,124 on their purchases of Decision Diagnostics securities; (3) retained 1,693,000 of their shares of Decision Diagnostics securities; and (4) as a result of the disclosure of the fraud, suffered a loss of $338,276 in connection with their purchases of Decision Diagnostics securities. *See* Pafiti Decl., Ex. A.   Because Movants possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**3.    Movants Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."   Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct

that gives rise to the claims of the class members, and if it is based on the same legal theory")).

The claims of Movants are typical of those of the Class. Movants allege, as do all class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Decision Diagnostics, or omitted to state material facts necessary to make the statements they did make not misleading. Movants, as did all members of the Class, purchased Decision Diagnostics securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))).

Movants are adequate representatives for the Class. There is no antagonism between the interests of Movants and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Moreover, Movants have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further, Movants constitute an appropriate group of the type routinely appointed to serve as Lead Plaintiffs. *See, e.g.*, *Robb v. Fitbit Inc.*, 2016 U.S. Dist. LEXIS 62457, at *13-*14 (N.D. Cal. May 10, 2016) (appointing five-person investor group as lead plaintiff); *Perrin v. Southwest Water Co.*, 2009 U.S. Dist. LEXIS 134154, at *13 (C.D. Cal. Feb. 12, 2009) ("[c]ourts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation."); *In re Blue Apron Holdings, Inc. Sec. Litig.*,, 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff); *In re Cendant Corp. Litig.*,

264 F.3d 201, 266 (3d. Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted).

Movants likewise have demonstrated their adequacy because they are a small and cohesive group of two investors, who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of co-lead plaintiffs pursuant to the PSLRA, their decision to seek appointment jointly as co-lead plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D. Courts routinely appoint investor groups as lead plaintiff under such circumstances. *See, e.g.*, *Fitbit*, 2016 U.S. Dist. LEXIS 62457, at *13-*14 (appointing as lead plaintiff a group of five unrelated investors that submitted a joint declaration "stat[ing] that the individual members have discussed the responsibilities of acting as lead plaintiff, will stay in regular communication with counsel and with each other, and will make decisions by consensus, using a majority vote as a back-stop"); *Bruce v. Suntech Power Holdings Co., Ltd.*, 2012 U.S. Dist. LEXIS 167702, at *9 (N.D. Cal. Nov. 13, 2012) (appointing as lead plaintiff a group of three unrelated investors that "submitted a joint declaration attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"); *Southwest Water*, 2009 U.S. Dist. LEXIS 134154, at *13 (appointing as lead

plaintiff a group of four investors that "submitted a Joint Declaration agreeing to 'work together to ensure the maximum recovery on behalf of the proposed class.'").[3]

### 4.	Movants Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Movants as Co-Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)	will not fairly and adequately protect the interest of the class; or
>
> (bb)	is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

The ability and desire of Movants to fairly and adequately represent the Class has been discussed above.  Movants are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class.

### B.	CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

---

[3] *See also Blue Apron*, 2017 WL 6403513, at \*4 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *West Palm Beach Police Pension Fund v. DFC Global Corp.*, 2014 U.S. Dist. LEXIS 49595, at \*7 (E.D. Pa. Apr. 9, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, 2012 U.S. Dist. LEXIS 89192, at \*11 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at \*15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See* Pafiti Decl., Ex. E.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *See id.*  Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company.  *See id.*  As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the Action, Movants's counsel have the skill and knowledge which will enable them to prosecute the Action effectively and expeditiously.  Thus, the Court may be assured that by approving the

selection of Lead Counsel by Movants, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) appointing Movants as Co-Lead Plaintiffs for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  March 16, 2021                               POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movants and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com

*Additional Counsel for Movants*

CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


*/s/ Jennifer Pafiti*
Jennifer Pafiti