POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (917) 463-1044
jpafiti@pomlaw.com

*Counsel for Plaintiffs*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SANCHEZ and THOMAS TOSSAVAINEN,<br><br>       Plaintiffs,<br><br>    v.<br><br>DECISION DIAGNOSTICS CORP. and KEITH M. BERMAN,<br><br>       Defendants. | Case No. 2:21-cv-00418-FWS-JPR<br><br>**DECLARATION OF BRIAN P. O'CONNELL IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**<br><br>Hon. Fred W. Slaughter |

## DECLARATION OF BRIAN P. O'CONNELL

I, Brian P. O'Connell, hereby declare pursuant to 28 U.S.C. § 1746, L.R. 55-1 and L.R. 55-2.

1.      I am an associate attorney at Pomerantz LLP, counsel for Plaintiffs Anthony Sanchez and Thomas Tossavainen.  I am duly admitted to practice law in the State of California and before this Court.

2.      I make this Declaration in support of the Plaintiffs Anthony Sanchez and Thomas Tossavainen's Motion for Default Judgment Against Defendants Decision Diagnostics Corp. and Keith M. Berman.

### I.      **Each Defendant is in Default**

3.      On August 20, 2021, this Court ordered the parties to meet and confer with opposing counsel on a briefing schedule for filing the Amended Complaint. *See* ECF No. 25.  The parties met and conferred on August 25, 2021, and filed a stipulation on September 3, 2021, ordering Plaintiffs to file the Amended Complaint by October 14, 2021; Defendants were ordered to respond by December 6, 2021. *See* ECF No. 32.

4.      On October 14, 2021, Plaintiffs filed the Amended Complaint. *See* ECF No. 35. I served the Amended Complaint on the following attorneys, Stephen C. Mazzara and Ronald S. Herzog, who have indicated to Plaintiffs that they represent Defendants Keith M. Berman and Decision Diagnostics Corp., and confirmed their representation by entering into a scheduling stipulation on behalf of Defendants on September 3, 2021.  *See* ECF No. 32.  Because Mr. Mazzara and Mr. Herzog are not listed as receiving ECF notifications of filings, on October 14, 2021, I served the Amended Complaint via first-class mail, pursuant to Federal Rule of Civil Procedure 5(b) and Local Rule 5-3.  On February 9, 2022, Plaintiffs filed a corrected proof of service of the Amended Complaint.  *See* ECF No. 40.

1

5.      To ensure receipt of the Amended Complaint, on October 15, 2021, I also emailed copies of the Amended Complaint to Mr. Mazzara and Mr. Herzog at their email addresses, rmazzara@goldbergsegalla.com and rherzog@goldbergsegalla.com.

6.      Defendants never answered or otherwise responded to the Amended Complaint.  The Clerk of the Court entered a Default on February 11, 2022 against Defendants Decision Diagnostics Corp. and Keith M. Berman, for having failed to defend the action by failing to respond to the Amended Complaint.  *See* ECF No. 42.  I served copies of the Default notice and the Court's order setting briefing for the motion for default on February 15, 2022, and emailed copies of the notice and the Court's order to Mr. Mazzara and Mr. Herzog on February 17, 2022.  *See* ECF No. 44 (Proof of Service).

7.      Defendants Decision Diagnostics Corp. and Keith M. Berman are not infants, incompetent persons, or members of the United States military.

8.      Notice has been served to the defaulting parties by mailing copies of the motion, memoranda, this Declaration and the exhibits attached hereto to Defendants' counsel, Mr. Mazzara and Mr. Herzog.

## II.      Damages

9.      Damages are readily calculated from each Plaintiff's transactional information, which was already provided to the Court during Lead Plaintiff briefing when this matter was being pursued as a class action.  As part of that briefing, Plaintiffs submitted sworn declarations with their full loss reports that calculated their damages.  *See* ECF No. 16.  Each Plaintiff certified to providing all of their transactions in Decision Diagnostics Securities during the period relevant to this Action.  *See* Exhibit 1.  These loss calculations provide a reliable measure of damages consistent with the Amended Complaint, which alleges a leakage theory

DECLARATION OF BRIAN P. O'CONNELL IN SUPPORT OF
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

culminating in a final disclosure on December 17, 2020; these losses provide a consistent and appropriate measure of Plaintiffs' damages. "The usual measure of damages for securities fraud claims under Rule 10b-5 is out-of-pocket loss." *Mao v. Merryll Lynch Pierce, Fenner & Smith, Inc.*, No. 17-cv-409-L(MDD), 2020 U.S. Dist. LEXIS 257637, at *10 (S.D. Cal. Feb. 26, 2020) (citation and quotation omitted).

10.    The damages were calculated from taking Plaintiffs' shares purchased and multiplying the price paid to derive the amount of the purchase price in each transaction. The purchase price was subtracted by the sales price, using the first-in-first-out accounting method. Consistent with the Private Securities Litigation Reform Act, a damages cap was applied by "looking back" at the price reaction following the final disclosure to eliminate any windfall that might arise if the stock price bounced back. *See* 15 U.S.C § 78u–4(e). An updated calculation of those damages is attached hereto as Exhibit 2, and fairly and accurately represents the damages incurred by each Plaintiff as a result of the misconduct alleged in the Amended Complaint. [1]

11.    Plaintiff Sanchez purchased 1,523,100 shares of DECN, paying $334,774, and incurred damages of $181,907. *See* Exhibit 2.

12.    Plaintiff Tossavainen purchased 1,118,000 shares of DECN, paying $234,350, and incurred damages of $156,138. *See* Exhibit 2. By the date of the

---

[1] During Lead Plaintiff briefing, the Plaintiffs used an 88-day mean price to derive the mean average for the PSLRA lookback period because 90 days had not yet passed from the date of the December 17, 2020 corrective disclosure. *See* ECF No. 16-1. Exhibit 2 updates that lookback calculation to include the full 90-day period, resulting in a 90-day mean average price of $.0225 per share following the final disclosure. By incorporating the extra two days, the 90-day average reduces Plaintiff Tossavainen's damages by $231. *Compare* Exhibit 2 *with* ECF No. 16-1 ($156,138 and $156,369, respectively). It does not impact Plaintiff Sanchez's damages.

DECLARATION OF BRIAN P. O'CONNELL IN SUPPORT OF
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

final corrective disclosure, Plaintiff Tossavainen had sold 225,000 shares for $58,120. Plaintiff Tossavainen retained 893,000 shares after the final disclosure. Plaintiff Tossavainen's damages were calculated by subtracting from the aggregate amount he expended in purchasing his shares ($234,350) the aggregate amount he received in selling the shares sold prior to the expiration of the lookback period ($58,120) and the 90-day lookback value of retained shares ($20,093), which equals $156,138.

13.  According, Plaintiffs request an order for the following:

    i.  Sanchez- $181,907, plus prejudgment and postjudgment interest

    ii.  Tossavainen- $156,138, plus prejudgment and postjudgment interest

14.  Plaintiffs request interest at the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. Plaintiffs request that the Court apply the rate sent by the Director of the Administrative Offices of the United States Courts to this Court pursuant to 28 U.S.C. § 1961(a).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 9, 2022 in Chicago, Illinois.

*/s/ Brian P. O'Connell*

Brian P. O'Connell

4

## CERTIFICATE OF SERVICE

I, Brian P. O'Connell, hereby declare under penalty of perjury as follows:

I am an associate attorney at Pomerantz, LLP, counsel for Plaintiffs Anthony Sanchez and Thomas Tossavainen ("Plaintiffs").  My business address is Pomerantz LLP, Ten South La Salle Street, Suite 3505, Chicago, Illinois 60603.  I am over the age of eighteen, a citizen of the United States, and duly admitted to practice law in the State of California and before this Court.

On May 9, 2022, I filed the following **DECLARATION OF BRIAN P. O'CONNELL DECLARATION OF BRIAN P. O'CONNELL IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**, for receipt electronically using the CM/ECF system, which sent notification of such filing to the following counsel of record:

Jennifer Pafiti:          jpafiti@pomlaw.com

Joshua B. Silverman:    jbsilverman@pomlaw.com

Laurence M. Rosen:      lrosen@rosenlegal.com

I also served this Declaration, on the following attorneys, Stephen C. Mazzara and Ronald S. Herzog, who have indicated to Plaintiffs that they represent Defendants Keith M. Berman and Decision Diagnostics Corp., and confirmed their representation by entering into a scheduling stipulation on behalf of Defendants on September 3, 2021.  *See* ECF No. 32.  Because Mr. Mazzara and Mr. Herzog are not listed as receiving ECF notifications of filings, on May 9, 2022, I served this Declaration, via first-class mail, pursuant to Federal Rule of Civil Procedure 5(b) and Local Rule 5-3, upon these attorneys at their addresses below:

Stephen C. Mazzara:    PO Box 17220
                        Los Angeles, CA 90017
                        smazzara@goldbergsegalla.com

5

DECLARATION OF BRIAN P. O'CONNELL IN SUPPORT OF
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Ronald S. Herzog:        PO Box 1020,
                         Buffalo, NY 14201

                         and

                         50 Main Street, Suite 425
                         White Plains, New York 10606-1901
                         rherzog@goldbergsegalla.com

Executed on May 9, 2022, in Chicago, Illinois:

                         /s/ Brian P. O'Connell
                         Brian P. O'Connell

6