POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (917) 463-1044
jpafiti@pomlaw.com

*Counsel for Plaintiffs*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SANCHEZ and THOMAS TOSSAVAINEN,<br><br>Plaintiffs,<br><br>v.<br><br>DECISION DIAGNOSTICS CORP. and KEITH M. BERMAN,<br><br>Defendants. | Case No. 2:21-cv-00418-FWS-JPR<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS DECISION DIAGNOSTICS CORP. AND KEITH M. BERMAN**<br><br>Hon. Fred W. Slaughter |

## I. Introduction

Defendants' opposition only confirms that Defendants' flaunting of this Courts rules, scheduling order and procedures was not only without "excusable neglect," but was intentional. Consequently, default judgment should be granted.

Defendants—an individual indicted for securities fraud and the Company he used to prey on investors—do not dispute that they stipulated to answer (or otherwise respond to) the Amended Complaint ("Complaint") by December 6, 2021, which this Court entered as an order.[1] *See* ECF Nos. 32-33. Neither Defendant sought an extension or stay; both just refused to respond.

Instead, Defendants Berman and the Company chose not to participate at all in this civil litigation. Unfortunately, this latest filing continues Defendants' gamesmanship. In it, Defendants blatantly misrepresent controlling authority on damages under Section 10(b) of the Securities Exchange Act of 1934. They also misrepresent the allegations of the Complaint, ignoring entirely that the Complaint alleges continuing misrepresentations. Regardless, as discussed in Plaintiffs' opening brief and below, the factors identified by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) impel entry of default judgment.

## II. The *Eitel* Factors Support Granting Default Judgment

Defendants' reply further demonstrates that the *Eitel* factors[2] support this Court granting default judgment. As an initial matter, by not supporting these

---

[1] All abbreviations herein are the same as in Plaintiffs' memorandum in support of their motion for default, ECF No. 50 ("Mot."), unless indicated otherwise. All "¶" are referencing the Amended Complaint, filed October 14, 2021, unless indicated otherwise. All emphasis is added unless indicated as emphasized in the original.

[2] The *Eitel* factors include, (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).
1

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS
DECISION DIAGNOSTICS CORP. AND KEITH M. BERMAN

arguments with case law, Defendants have abandoned them. *See* ECF No. 55, Defendants' Opposition to Motion for Default Judgment ("Opp.") at 6-7; *Dep't of Toxic Substances Control v. Rossi*, No. 20-CV-01049-VC (RMI), 2022 WL 19355, at *2 (N.D. Cal. Jan. 3, 2022) (arguments in "unsupported and undeveloped fashion are likewise deemed to have been abandoned"); *Novalk, LLC v. Kinsale Ins. Co.*, No. 321CV01014BENRBB, 2021 WL 4134741, at *2 (S.D. Cal. Sept. 10, 2021) (unaddressed arguments in an opposition brief are waived).

### A. The merits and substantive claims favor Plaintiffs

The merits and substantive factors favor Plaintiffs as highlighted in Plaintiffs' opening brief. *See* Mot. at 11-17; *Federal Nat. Mortg. Ass'n v. George*, No. 5:14–cv–01679–VAP–SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors."). The allegations in the Complaint, which are similar to the allegations for which a grand jury indicted Berman, establish straightforward violations of Section 10(b) of the Securities Exchange Act of 1934. *See* Complaint; *see also* Mot. at 11-17. If litigated, those allegations would be supported by substantial evidence. *See, e.g., SEC v. Baccam*, No. ED CV 17-0172 SJO (SPx), 2017 WL 5952168, at *7 (C.D. Cal. June 14, 2017) (where plaintiff sufficiently alleged a claim the merits and substantive claims, *Eitel* factors favored default judgment).

Unable to show any infirmity in fact or law, Defendants resort to two frivolous arguments:

*First*, they claim that a shareholder who purchased shares during the Class Period but held shares through the final disclosure cannot bring suit under Section 10(b). Both the statute and controlling authority make clear that is not the case. Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) states unequivocally that,

it is illegal to "use or employ, in connection with the **purchase *or* sale** of any security … any manipulative or deceptive device." Likewise, Rule 10b-5 provides that a person is barred from making an untrue statement of material fact, or engaging in a scheme to defraud, "in connection with the purchase **or** sale of any security." 17 C.F.R. § 240.10b-5. And, 1995 amendments to the statute address how to cap damages for a private litigant who purchased during the Class Period, held through the final disclosure, then benefitted from a bounce back in stock price: "the award … . . . shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. §78u-4(e)(1).

   Controlling Supreme Court authority also makes clear that one who ***purchases*** during a Class Period is not a "holder." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 89 (2006) (differentiating "holders instead of purchasers or sellers"); *see also In re Royal Dutch/Shell Transp. Sec. Litig.*, 404 F. Supp. 2d 605, 612 (D.N.J. 2005) (holding there is no requirement that a plaintiff buy and sell during the class period to establish economic loss and loss causation).

   Defendants egregiously misrepresent *Blue Chip Stamps v. Manor Drug Stores* 421 U.S. 723 (1975). *Blue Chip Stamps* addressed the situation in which a shareholder ***neither*** purchased nor sold during the Class Period, not situations in which a Class Period purchaser retained shares through the final disclosure. *Id.* at 736 ("[T]he 1933 and 1934 Acts are by their terms expressly limited to purchasers or sellers of securities."). Defendants' misrepresentation of another cited case is even worse. Defendants claim that *Cartica Mgmt., LLC v. Corpbanca, S.A.*, 50 F. Supp. 3d 477, 485 (S.D.N.Y. 2014) interpreted *Blue Chip Stamps* to recognize a

3

"'purchase and sale' requirement." Opp. at 5. In fact, *Cartica* refers to a purchase ***or*** sale requirement, and thus cannot possibly support the proposition for which it is cited. *Cartica*, 50 F. Supp. 3d at 485. *See also First Equity Corp. of Fla. v. Standard & Poor's Corp.*, 869 F.2d 175, 179 n.2 (2d Cir.1989) ("Under *Blue Chip*, plaintiffs suing under Section 10(b) of the Securities Exchange Act of 1934 may recover only for losses that result from decisions to buy or to sell, not from decisions to hold or refrain from trading."). Plaintiffs here both purchased DECN stock during the Class Period. Thus, neither is a "holder" under *Blue Chip Stamps* or *Cartica*.

*Second,* Defendants claim that the Complaint alleged that the full truth was disclosed by the first partial disclosure on April 23, 2020, when the SEC issued an order temporarily suspending trading in DECN. However, even a cursory reading of the Complaint shows it alleges the exact opposite. It alleges that Berman and the Company ***continued to make false and misleading statements*** following the lifting of the SEC suspension on May 7, 2020, thereby perpetuating artificial inflation in the price of DECN Stock. ¶¶66-87. When a defendant challenges the accuracy of bad news, "it [is] reasonable for plaintiffs to rely upon defendants' statements following the release" of the adverse news. *See Alaska Elec. Pension Fund v. Pharmacia Corp*., 554 F.3d 342, 351 (3d Cir. 2009).

Specifically, using the fictitious pseudonym "Matthew Steinmann," Berman and Decision Diagnostics solicited another shareholder to send a false "Shareholder Letter" to the SEC to push back against the SEC's investigation into Decision Diagnostics. ¶¶65, 70. The Complaint also documents that Defendant Berman used message boards to respond publicly to investors who expressed doubts about the veracity of the lies that Defendants told about the purported COVID-19 blood test, and attacked the credibility of SEC investigators. ¶¶35-39,

70-79. Throughout 2020, ***Berman flooded message boards with over 1000 statements*** touting DECN stock and attempting to dispel claims from critics of the Company. ¶¶6, 35-39, 71-74. None of this was known until December, 2020, when the DOJ indictment was unsealed and the SEC filed claims against Defendants for the very securities fraud alleged in the Complaint in this Action. ¶¶90-91. As a result of these disclosures, Decision Diagnostics' common share price fell $0.0735 per share, or 65.3%, from $0.1125 per share on December 17, to close at $0.039 on December 18, 2020. ¶10.

### B. Denial would cause Plaintiffs prejudice

Plaintiffs were defrauded nearly two years ago. They have been without recourse, or the use of the funds defrauded from them, during this time. Defendants' refusal to engage in this Action for almost a year after their answer to the Complaint was due, has substantially delayed Plaintiffs' access to recovery and continued delay would render Plaintiffs without recourse. *See Bragel Int'l, Inc. v. StickeeBra*, No. CV1704860ABJEMX, 2019 WL 944578, at *2 (C.D. Cal. Jan. 8, 2019) ("Given Defendant's unwillingness to answer and defend, denying default judgment would render Plaintiff without recourse.").

Even worse, Defendants seek to exacerbate the prejudice upon Plaintiffs. They do not claim to be prepared to immediately participate in discovery, but instead hint that they want another delay. *See* Opp. at 7 (suggesting a delay is appropriate for as long as Berman's several-times-postponed criminal trial remains); Herzog Affirmation ¶4 (same). This gamesmanship must end. Defendants knew about the criminal charges when they agreed to a schedule for briefing the Complaint—the criminal charges were filed in December, 2020; the stipulation for briefing this Complaint was entered into on September 3, 2021. At no point did either Defendant seek an alteration of the schedule or a stay.

### C. Defendants' neglect was inexcusable

Defendants concede that their refusal to comply with this Court's order was intentional. *See* Opp. at 6 (admitting that Defendants chose "to prioritize their efforts against the DOJ, rather than get immersed in civil litigation based on exactly the same allegations"). Defendants cite no case construing such willful violation as excusable neglect. It is not. They were aware of the lawsuit and simply refused to participate in good faith. "The possibility of excusable neglect is remote and favors default judgment where the defendant has been properly served or the defendant is aware of the lawsuit." *Axis Ins. Co. v. Yedor*, No. CV1503480SJOAGRX, 2015 WL 13914888, at *6 (C.D. Cal. Oct. 1, 2015).

### D. The amount at stake and seriousness of the conduct favors default

The Court must consider "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). The purpose of this analysis is to express a preference that large-dollar disputes be resolved on the merits. *See Samsung Elecs. Co. v. Early Bird Sav.*, No. 13-CV-3105 BEN (JLB), 2015 WL 11251458, at *2 (S.D. Cal. Dec. 7, 2015). Now that Plaintiffs have dismissed putative class action allegations, the damages total $338,045, plus prejudgment and postjudgment interest *See* ECF Nos. 48 at 1, 49 at 4. This is a relatively small amount considering the very serious and brazen nature of Defendants' conduct, including criminal securities fraud. Courts interpreting *Eitel* have held that much larger amounts in controversy are properly discharged via default judgment. *See, e.g., Samsung Elecs. Co.*, 2015 WL 11251458, at *2 ($606,194); *Lehman Bros. Holdings, Inc. v. Belvidere Networking Enterprises*, No. CV0909531GAFANX, 2010 WL 11597802, at *4 (C.D. Cal. Apr. 22, 2010) ($1,433,459.48 plus interest and attorneys' fees).

### E. The lack of disputed facts favors Plaintiffs

The fifth *Eitel*, factor, the degree of disputed facts, also favors Plaintiffs. Upon entry of default, all well-pleaded facts in a complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). As explained in the Motion, Plaintiffs' calculation of damages is already in the record and was already accepted by the Court at the lead plaintiff stage as valid measures of the financial interest each had in this litigation. *See* ECF Nos. 16, 16-1, 16-3, and 25. The motion and declaration explain the application of calculation for damages under securities laws, which is out-of-pocket loss. *See Mao v. Merrill Lynch Pierce, Fenner & Smith, Inc*., No. 17-cv-409-L(MDD), 2020 U.S. Dist. LEXIS 257637, at *10 (S.D. Cal. Feb. 26, 2020).

Such calculations are clearly sufficient. The "[p]laintiffs burden in proving up damages is relatively lenient. If proximate cause is properly alleged in the complaint, it is admitted upon default. Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flowed from the injuries pled." *Philip Morris USA, Inc. v. Castworld Prods*., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (internal quotations and citations omitted).

### F. The policy for deciding on the merits

Although there is a preference for deciding on the merits, that preference "standing alone, is not dispositive." *GCIU-Emp' Ret. Fund v. ABCO Printing*, No. 218CV01602CASAJMX, 2018 WL 3062142, at *5 (C.D. Cal. June 18, 2018). "Defendants who appear to be 'blowing off' the complaint should expect neither sympathy nor leniency from the court." *Braunlich v. Arizona Rd. Trip Auto LLC,* No. CV-19-05906-PHX-DWL, 2020 WL 4921971, at *2 (D. Ariz. Aug. 21, 2020); *see also Bekins v. Zheleznyak*, No. 215CV04478CASASX, 2018 WL 1174997, at *4 (C.D. Cal. Mar. 5, 2018) (granting default judgment despite the policy for

deciding cases on the merits where the other *Eitel* factors favored granting default judgment).[3]

### III. Conclusion

Because Defendants have utterly disregarded their obligations as litigants, and because the *Eitel* factors overwhelmingly favor default judgment as set forth herein and in the Plaintiffs' Default Motion and related papers, Plaintiffs respectfully request that the Court enter default judgment.

In the alternative, if the Court sets aside the Clerk's default, Plaintiffs respectfully request: (a) that the Court award them fees and costs incurred in bringing this Motion. *See Choice Hotels Int'l, Inc. v. Kusum Vali, Inc.*, No. 11CV1277 BTM WMC, 2012 WL 1570844, at *4 (S.D. Cal. May 3, 2012); and (b) require that Defendants submit to expedited discovery by providing within ten (10) business days full and complete responses to any document requests (including production of non-privileged responsive documents) and interrogatories served within five (5) business days of any order setting aside the default in this Action.

---

[3] *See also Prod. Partners, LLC v. Alton*, No. CV 09-7506-VBF(CTX), 2011 WL 13192616, at *1 (C.D. Cal. Feb. 4, 2011) (granting default judgment where Defendant delayed participation until responding in opposition to the default motion); *Brown v. Stroud*, No. 08-CV-02348 JSW (NC), 2014 WL 1308342, at *23 (N.D. Cal. Mar. 31, 2014) (granting default judgment where defendant's delay tactics made a resolution on the merits impracticable); *Davidson v. Barnhardt*, No. CV 11-7298 FMO VBKX, 2013 WL 6388354, at *15 (C.D. Cal. Dec. 6, 2013) (granting default judgment where Defendants' conduct cast doubt on the court's ability to decide the "true merits of the case."); *Keating v. Jastremski*, No. 3:15-CV-57-L-AGS, 2021 WL 1195868, at *3 (S.D. Cal. Mar. 30, 2021) (similar).

| | |
|---|---|
| Dated: July 13, 2022 | Respectfully submitted, |
| | POMERANTZ LLP |
| | |
| | */s/ Brian P. O'Connell* |
| | Joshua B. Silverman (*pro hac vice*) |
| | Brian P. O'Connell (SBN 314318) |
| | Ten South La Salle Street, Suite 3505 |
| | Chicago, Illinois 60603 |
| | Telephone: (312) 881-4859 |
| | Facsimile: (312) 229-8811 |
| | E-mail: jbsilverman@pomlaw.com |
| | boconnell@pomlaw.com |
| | |
| | Jennifer Pafiti (SBN 282790) |
| | 1100 Glendon Avenue, 15th Floor |
| | Los Angeles, California 90024 |
| | Telephone: (310) 405-7190 |
| | Facsimile: (917) 463-1044 |
| | jpafiti@pomlaw.com |
| | |
| | BRONSTEIN, GEWIRTZ & GROSSMAN, LLC |
| | Peretz Bronstein |
| | (*pro hac vice* application forthcoming) |
| | 60 East 42nd Street, Suite 4600 |
| | New York, New York 10165 |
| | Telephone: (212) 697-6484 |
| | Facsimile: (212) 697-7296 |
| | peretz@bgandg.com |
| | |
| | *Attorneys for Plaintiffs* |

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS
DECISION DIAGNOSTICS CORP. AND KEITH M. BERMAN

# CERTIFICATE OF SERVICE

I, Brian P. O'Connell, hereby declare under penalty of perjury as follows:

I am an associate attorney at Pomerantz LLP, counsel for Plaintiffs Anthony Sanchez and Thomas Tossavainen. My business address is Pomerantz LLP, Ten South La Salle Street, Suite 3505, Chicago, Illinois 60603. I am over the age of eighteen, a citizen of the United States, and duly admitted to practice law in the State of California and before this Court.

On July 13, 2022, I filed the forgoing **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS DECISION DIAGNOSTICS CORP. AND KEITH M. BERMAN** for receipt electronically using the CM/ECF system, which sent notification of such filing to the following counsel of record:

| | |
|---|---|
| Jennifer Pafiti: | jpafiti@pomlaw.com |
| Joshua B. Silverman: | jbsilverman@pomlaw.com |
| Laurence M. Rosen: | lrosen@rosenlegal.com |
| Stephen C. Mazzara: | smazzara@goldbergsegalla.com |

I also served this document on the following attorney, Ronald S. Herzog, who indicated to Plaintiffs that they represent Defendants Keith M. Berman and Decision Diagnostics Corp., and confirmed their representation by entering into a scheduling stipulation on behalf of Defendants on September 3, 2021. *See* ECF No. 32. Because Mr. Herzog is not listed as receiving ECF notifications of filings, on July 13, 2022, I served this document, via first-class mail, pursuant to Federal Rule of Civil Procedure 5(b) and Local Rule 5-3, upon this attorneys at his addresses below:

| | |
|---|---|
| Ronald S. Herzog: | PO Box 1020,<br>Buffalo, NY 14201 |
| | and |
| | 50 Main Street, Suite 425<br>White Plains, New York 10606-1901<br>rherzog@goldbergsegalla.com |

Executed on July 13, 2022 in Chicago, Illinois:

*/s/ Brian P. O'Connell*

Brian P. O'Connell

---

11

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS DECISION DIAGNOSTICS CORP. AND KEITH M. BERMAN